Argued June 27, reversed September 4, 1979

STATE OF OREGON,
*Respondent,*
*v.*
GREGORY CHARLES BEAMAN,
*Appellant.*

(No. T 78-8359, CA 13567)

599 P2d 476

■■■■

Mark D. Donahue, Corvallis, argued the cause and filed the brief for appellant.

James M. Brown, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were James A. Redden, Attorney General, and Walter L. Barrie, Solicitor General, Salem.

Before Schwab, Chief Judge, and Tanzer and Roberts, Judges.

ROBERTS, J.

■■■■

**ROBERTS, J.**

Defendant appeals from a judgment order of the trial court, finding him guilty of Attempting to Elude a Police Officer, ORS 487.555, and placing him on probation for 18 months. We reverse.

Defendant was observed by an Oregon State University (OSU) security officer driving his automobile the wrong way on a one-way street on the OSU campus. The officer activated his emergency lights and began to follow defendant in his security vehicle. Defendant attempted to elude the officer for several blocks, but was apprehended after he collided with another automobile outside the OSU campus.

ORS 487.555 provides:

"(1) A driver of a motor vehicle commits the crime of fleeing or attempting to elude a police officer if, when given visual or audible signal to bring the vehicle to a stop, he knowingly flees or attempts to elude a pursuing police officer.

"(2) The signal given by the police officer may be by hand, voice, emergency light or siren.

"(3) As used in this section, 'police officer' means a sheriff, municipal policeman or member of the Oregon State Police in uniform, prominently displaying his badge of office or who is operating a vehicle appropriately marked showing it to be an official police vehicle.

"(4) Fleeing or attempting to elude a police officer is a Class A misdemeanor."

Defendant concedes that he was attempting to evade the security officer, but argues that the officer was not a "police officer," as defined by ORS 487.555(3) above. At the time of the above-described incident, the officer was employed by the OSU security force and had been a sworn Deputy Sheriff for Benton County since 1975 when he completed the Basic Police Academy. Defendant concedes that the officer was a "sheriff" within the meaning of the statute, but contends that neither his uniform nor his automobile bore the indicia of authority required by the statute.

[59]

The statute requires that the officer either be in uniform, prominently displaying his badge of office *or* operating a vehicle with official police markings. The officer in this case was wearing an OSU security uniform, consisting of brown pants, brown jacket and brown hat, with an OSU star-shaped badge on the pocket. The badge did not mention the Benton County Sheriff's office. His automobile was marked with the OSU seal on each door and with the word "security" written prominently over each seal and across the rear of the automobile and it was equipped with emergency lights. There were no markings identifying the vehicle with the Benton County Sheriff's office.

The statute requires that the officer being eluded belong to one of certain named police agencies. It further requires that this affiliation be evidenced by either his uniform and badge or his vehicle, presumably to ensure that the person being pursued will know that he is fleeing a police officer. The officer in this case falls within the statute because he is a county sheriff's deputy; had he not been deputized by the county, he would not have fallen within the clear language of the statute despite his campus security uniform and marked security vehicle. It is only his sheriff's affiliation which brings him within the statute and this was evidenced by neither his uniform nor his vehicle.[1]

Reversed.

---

[1] We are not holding that this officer cannot engage in law enforcement activity as authorized by ORS 352.360(1) and (6).