## PEOPLE v. MOSIER.

(Supreme Court, Appellate Division, Fourth Department. May 13, 1902.)

1. INDICTMENT—SUCCESSIVE INDICTMENTS FOR SAME OFFENSE—SUPERSEDING FIRST INDICTMENT—REINSTATEMENT.

Defendant was indicted for rape at the trial term of the supreme court, and the indictment sent to the county court. Thereafter, while the grand jury was still in session, what purported to be another indictment was presented against defendant for the same offense, and this was sent to the county court. It was regular in form, was signed by the district attorney, and indorsed by the foreman of the grand jury. Thereupon the county court made an order directing that the first indictment be superseded by the later one. It afterwards appeared that the later indictment was void because no vote had been taken by the grand jury as to whether it should be found. *Held*, that the county court had power thereupon to order the first indictment reinstated.

2. SAME—RAPE—NAME OF OFFENSE.

An indictment averring that defendant in and upon one S., she, the said S., then and there not being his wife, did then and there, by forcibly overcoming her resistance, and against her will and without her consent, attempt to perpetrate an act of sexual intercourse, suffi-

76 N.Y.S.—5

ciently charges attempted rape, though the crime is not, technically
speaking, correctly named.

**3.** SAME—AVERRING CRIMINAL INTENT.
        An indictment averring that defendant feloniously assaulted com-
    plainant. and attempted to have intercourse with her, sufficiently avers
    an intent to do the act.

Appeal from trial term, Monroe county.

Charles O. Mosier was convicted of attempting to commit rape, and
appeals. Affirmed.

Argued before McLENNAN, SPRING, WILLIAMS, HISCOCK,
and DAVY, JJ.

George M. Williams, for appellant.

Howard H. Widener, Dist. Atty., for respondent.

McLENNAN, J. The defendant was convicted of having attempt-
ed to commit the crime of rape upon one Ruby Slaight at the town
of Greece, in the county of Monroe, on the 14th day of July, 1901,
and sentenced to the state's prison at Auburn for the term of 10
years. No question is raised by defendant's counsel as to the suffi-
ciency of the evidence to support a conviction, or in any manner as
to defendant's guilt upon the merits. All the questions presented
by the appeal relate to the sufficiency of the indictment and the
proceedings had prior to the trial.

The defendant was indicted by the grand jury of Monroe county
at a trial term of the supreme court held in and for said county in
October, 1901. That indictment is called in the record No. 31. On
the 10th day of October, 1901, by an order made at said trial term of
the supreme court, the indictment was sent to the county court.
Thereafter defendant demurred to the indictment, and, after hearing
his counsel and the district attorney, the county court, on October
19, 1901, made an order overruling the demurrer. The defendant
was thereupon arraigned, pleaded not guilty, and his trial was set
down for November 4, 1901, by order of the county court. There-
after, and on the 29th day of October, 1901, while the grand jury
was still in session, what purported to be another indictment was
presented against the defendant for the same offense, which paper is
called in the record indictment No. 48. It was regular in form, was
signed by the district attorney, was indorsed "A True Bill" by the
foreman of the grand jury, and was, by order of the supreme court
made the same day, sent to the county court. On the 30th day of
October, 1901, the county court made an order directing that the
first indictment, presented October 10, 1901, be superseded by the
alleged indictment presented October 29, 1901. Thereafter, and on the
6th day of November, 1901, upon the defendant's affidavit verified on
that day, an application was made on his behalf to dismiss the alleged
indictment, No. 48, for the reason that it was void because no vote
had been taken by the grand jury as to whether it should be found
or not, or any action taken by the grand jury in regard to it. The
district attorney, who appeared upon the application, conceded such
to be the fact, and the county court thereupon made an order de-
claring said alleged indictment No. 48 "to be void and nugatory, the

same never having been found or voted upon or considered by the grand jury"; and it was further ordered "that the indictment found and presented October 10, 1901 (No. 31), be, and the same is hereby, reinstated and established, with the same force and effect as though the same had not been declared to be superseded by the said alleged indictment of October 29, 1901, and that the trial proceed thereon, and the order of October 30, 1901, declaring said indictment No. 31 to be superseded, is hereby vacated and set aside." The defendant was then put upon his trial under indictment No. 31, the one first found by the grand jury, with the result that he was convicted of the crime as therein charged.

It is urged by appellant's counsel that the order of the county court which assumes to reinstate the first indictment, or No. 31, is void, and therefore that the indictment upon which the defendant was tried was in fact dead, and had no force or validity. The contention is untenable. Concededly, the so-called second indictment was void ab initio; it was not merely irregular or voidable; it never had any valid existence. The foreman of the grand jury, or the district attorney, or both combined, had no power to find or present a valid bill of indictment, and any attempt on their part in that regard, whether the result of design or inadvertence, was wholly ineffectual. It appearing by the affidavit of the defendant, and the fact being conceded, that the grand jury did not find or authorize the so-called "second indictment," it was absolutely void, and had no force or effect for any purpose. The learned county court, in making the order appealed from, was in no sense in the attitude of determining upon which of two indictments for the same offense the defendant should be tried. In that regard the court simply determined that which was admittedly true upon the conceded facts, that only one indictment had been found against the defendant by the grand jury for the offense with which he was charged. If the grand jury had found a second indictment for such offense, then under the law (2 Rev. St. p. 726, § 42) such second indictment would supersede and take the place of the first indictment, but in this case no second indictment was found. The order of the county court which declared that the first indictment was superseded by the second was invalid and without authority; was made under a misapprehension, and without knowledge of the facts; and we think it was entirely competent for the county court to correct the error, and to set aside the order so made by it, especially when the defendant was before the court insisting that the second alleged indictment was void.

Appellant's counsel also contends that the first indictment and the one upon which the defendant was tried is bad because, as it is claimed, it failed to allege criminal intent, or to name the crime charged, and therefore that the demurrer should have been sustained. The indictment charges that at a time and place specified the defendant "willfully and feloniously, with force and arms, in and upon one Ruby Slaight, then and there being, she, said Ruby Slaight, then and there not being the wife of him, the said Charles O. Mosier, willfully and feloniously did make an assault, and did then and there, by forcibly overcoming her resistance and against her will and with-

out her consent, attempt to perpetrate an act of sexual intercourse with her, contrary to the form of the statute in such case made and provided, and against the peace of the people of the state of New York and their dignity." The indictment charges the defendant with having done everything necessary to constitute the crime of rape, as defined by section 278 of the Penal Code, except the act of having sexual intercourse with the complainant. It alleges that he willfully and feloniously assaulted her, and attempted, against her will and without her consent, to have sexual intercourse with her by forcibly overcoming her resistance. Clearly, the indictment charges the defendant with having attempted to commit the crime of rape. Section 34 of the Penal Code provides: "An act done with intent to commit a crime, and tending but failing to effect its commission, is an attempt to commit that crime." Section 686 of the Penal Code provides: "A person who unsuccessfully attempts to commit a crime is indictable and punishable * * * by imprisonment for not more than half of the longest term * * * prescribed upon a conviction for the commission of the offense attempted. * * *" This is precisely what was done in this case. The defendant unsuccessfully attempted to commit the crime of rape, and for that attempt he was convicted and sentenced. It is unimportant that the crime with which the defendant was charged is not, technically speaking, correctly named in the indictment. All the acts constituting the crime, and no others, are set out in such manner that there can be no doubt as to the crime intended to be charged and the one actually charged.

It is urged that the indictment is bad because it fails to allege that the defendant "intended" to attempt to commit rape; in other words, that the indictment ought not only to charge, as it does, that the defendant willfully and feloniously assaulted the complainant, overcame her resistance, attempted against her will and without her consent to have sexual intercourse with her, but, in addition, that he intended to do those acts. We think the allegation that the acts committed by the defendant were "feloniously" done is sufficient answer to the criticism of the indictment in that regard. In People v. Conroy, 97 N. Y. 68, the court said:

"It has never been required, under the strictest and most technical rules of pleading, that the particular intent with which a homicide was committed should be set forth in the indictment, but it has uniformly been deemed sufficient to allege it to have been done 'feloniously,' with malice aforethought, and contrary to the form of the statute."

. The use of the word "feloniously" has been uniformly held to be a sufficient averment of the intent necessary to constitute the crime. People v. Willett, 102 N. Y. 253, 6 N. E. 301; Phelps v. People, 72 N. Y. 334. Under section 285 of the Code of Criminal Procedure, an indictment is good if it contains sufficient averments to inform the defendant of the nature of the accusation against him, to prepare for his defense, and to admit the record as a bar to a second prosecution for the same offense. People v. Willis, 158 N. Y. 392, 53 N. E. 29. The indictment in this case answered these requirements in every respect, and we therefore conclude that the demurrer was

properly overruled. It follows that the judgment, conviction, and orders appealed from should be affirmed.

Judgment, conviction, and orders affirmed, and case remitted to the county court of Monroe county, pursuant to section 547 of the Code of Criminal Procedure. All concur.