Argued October 10, affirmed November 22, 1961

# STATE OF OREGON *v*. REYNOLDS
### 366 P. 2d 524

*Brice L. Smith,* Portland, argued the cause and submitted the brief for appellant.

*Donald B. Bowerman,* Deputy District Attorney, Clackamas County, Oregon City, argued the cause for respondent. With him on the brief was William E. Schumaker, District Attorney, Clackamas County, Oregon City.

Before McALLISTER, Chief Justice, and ROSSMAN, PERRY, GOODWIN and LUSK, Justices.

ROSSMAN, J.

This is an appeal by the defendant from a judgment, based upon a verdict which the Circuit Court for Clackamas County entered against him. The indictment upon which the judgment is based charged the defendant with a violation of ORS 483.602.

The sole assignment of error states:

"The court erred in overruling the defendant's demurrer to the indictment."

The demurrer was predicated upon a contention that the "indictment fails to state facts sufficient to constitute a crime."

The indictment reads:

"The said Roy Van Lear Reynolds on or about the 8th day of September, A.D., 1960, in the said County of Clackamas and State of Oregon then and there being and then and there being engaged in driving, moving and operating a certain motor

vehicle, to-wit: an automobile, upon a certain street and highway of the State of Oregon, to-wit: Highway No. 213, within said county and state, did then and there, upon said street and highway, become involved in an accident resulting in injury to one, Richard Lewis Reichmann, and did then and there unlawfully and feloniously fail to immediately stop such motor vehicle at the scene of such accident, or as close thereto as possible, and failed to remain at the scene of such accident and render reasonable aid and assistance, said act of defendant being contrary to the statutes in such cases made and provided, and against the peace and dignity of the State of Oregon."

ORS 583.602 provides:

"(1) The driver of any vehicle involved in an accident which results in injury or death to any person or causes damage to a vehicle which is driven or attended by any person, immediately shall stop such vehicle at the scene of the accident, or as close thereto as possible, and shall remain at the scene of the accident until he has fulfilled the requirements of subsection (2) of this section. Every such stop shall be made without obstructing traffic more than is necessary.

"(2) The drivers of any vehicles involved in any accident resulting in injury or death to any person or damage to any such vehicle shall:

"(a) Give to the other driver or surviving passenger, or any person not a passenger injured as a result of such accident, his name, address and the registration number of the vehicle which he is driving, and the name and address of any other occupants of such vehicle.

"(b) Upon request and if available, exhibit and give the number of his operator's or chauffeur's license to the persons injured, or to the occupant of or person attending any vehicle damaged.

"(c) Render to any person injured in such accident reasonable assistance, including the conveying

or the making of arrangements for the conveying of such person to a physician, surgeon or hospital for medical or surgical treatment, if it is apparent that such treatment is necessary or if such conveying is requested by any injured person."

The defendant's attack upon the indictment contends that it is insufficient because (1) the indictment did not charge violation of subsections (2)·(a) and (b) of ORS 583.602; that is, failure of the defendant to have (a) given his name, address and the registration number of his vehicle to the driver of the other car and (b) exhibited upon request his operator's license and (2) it did not charge the defendant with knowledge that he had injured or killed some one or had damaged a vehicle. Defendant therefore contends that the indictment failed to state facts sufficient to constitute the crime described in ORS 483.602.

We will first consider defendant's contention that the indictment must fail because it did not specifically charge the defendant with failure to conform with sections (2)(a) and (b) of ORS 483.602.

■ An indictment is sufficient if it sets forth the elements of the crime so as to inform adequately the defendant of the charge he must answer. *Barber v. Gladden,* 210 Or 46, 309 P2d 192; *State v. Chapin,* 74 Or 346, 144 P 1187; ORS 132.540; 27 Am Jur, Indictments and Informations, § 98. The Chapin decision declares, at page 351:

"\* \* \* If the elements of the crime are set forth in the indictment sufficiently to inform the defendant of the charge he is called upon to answer, that is all that is required: State v. Ross, 55 Or. 450 (104 Pac. 596, 106 Pac. 1022, 42 L.R.A. (N. S.) 601, 613); State v. Dougherty, 4 Or. 200, 205. \* \* \*"

It is explained in 27 Am Jur, Indictments and Informations, § 98, page 658, that:

"* * * it is not necessary that an indictment contain all the language of the statute on the subject; all that must be alleged is that which is requisite to charge the offense or that which constitutes the essential ingredients of the offense as denounced by statute. Words may be omitted if they are necessarily implied from those contained in the charge. * * *"

The above principles render it evident that the indictment before us was not called upon to charge the defendant with violation of sections (2)(a) and (b) of ORS 483.602. The latter requires that the driver of a vehicle involved in an accident which results in injury to a person must do the following:

1. Immediately stop his vehicle; and
2. Remain at the scene of the accident and fulfill the following requirements:
(a) Give his name, address, etc. to the persons mentioned in the act.
(b) Exhibit, if requested, the number of his operator's license to the person injured; and
(c) Render to the injured reasonable assistance.

When it is charged in an indictment, as was done in the present case, that the defendant was involved in an accident resulting in injury to another and that he failed to stop his vehicle at the scene of the accident and render assistance, it should not be necessary to allege also violation of sections (2)(a) and (b) of ORS 483.602. If it is charged and proved that the defendant failed to stop at all, it is necessarily implied that he did not conform with any of the duties required of him by section (2) of ORS 483.602, which could only have been complied with in the event he had stopped and remained for the needed amount of

time at the scene of the accident. Further, violation of each separate section of the hit-and-run statute (ORS 483.602) is a separate offense, so violation of each section need not be alleged in order to charge the defendant with an indictable crime.

■ The gist of the offense for which the defendant was indicted is that he failed to stop his vehicle so that he could comply with the requirements of section (2) of ORS 483.602. This was clearly spelled out in the indictment which charged that the defendant did "unlawfully and feloniously fail to immediately stop such vehicle at the scene of such accident and to render aid and assistance." Such language clearly and concisely informs the defendant of the charge he is called upon to answer, which is all that is required of an indictment. The sufficiency of an indictment does not depend on the use of the precise words set forth in the statute.

■ Defendant further contends that the indictment is fatally defective for the reason that it is not alleged that the defendant knew that he was involved in an accident resulting in the injury or death of another.

Assuming, without so deciding, that it is necessary to allege in an indictment that the person accused of violating the provisions of ORS 483.602 knew his vehicle was "involved in an accident which results in injury or death to any person," we are of the opinion that knowledge on the part of the defendant in the case before us is sufficiently alleged.

An indictment which charges that a person "unlawfully and feloniously" performed an act is equivalent to alleging that he knowingly did so, and thus supplies the element of knowledge where that element is necessary for averment in the indictment. *Bise v. United States*, 144 F 374 (8th Cir) ; *People v. Mosier,*

73 App Div 5, 76 NYS 65; 16 Words and Phrases (Perm Ed), pages 673-676; Webster's New International Dictionary (2d ed). In *Bise v. United States,* supra, a conviction for receiving property which had been feloniously taken from another, knowing the same to have been taken or stolen, was sustained on appeal. It was contended that the indictment was fatally defective because it failed to allege, in effect, knowledge on the part of the accused. At page 375 the court said, in that regard:

"* * * while the statute is manifestly not designed to punish one who with lawful intent receives stolen property, as where he receives it with the consent of the owner, or for his use and benefit, we think the words 'unlawfully, feloniously' as used in the indictment mean that the act which they characterize proceeded from a criminal intent and evil purpose and thus exclude all color of right and excuse for the act. * * *"

Webster's New International Dictionary (2d ed) defines the word "feloniously" as:

"* * * done with intent to commit a crime, as *felonious* homicide."

Thus, since the indictment in question sufficiently apprised the accused of the crime for which he was charged under ORS 483.602 and, in addition, alleged the equivalent of "knowledge" or "criminal intent" on the part of the accused, we dismiss the assignment of error as lacking in merit.

Affirmed.