Argued and submitted November 28, 2001, reversed December 26, 2002

# STATE OF OREGON,
*Respondent,*

*v.*

# GLEN DELWIN BURNETT, JR.,
*Appellant.*

981166; A106013

60 P3d 547

Meredith Allen, Deputy Public Defender, argued the cause for appellant. With her on the brief was David E. Groom, Public Defender.

Ann Kelley, Assistant Attorney General, argued the cause for respondent. With her on the brief were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

Before Landau, Presiding Judge, and Deits, Chief Judge, and Brewer, Judge.

DEITS, C. J.

**DEITS, C. J.**

Defendant appeals from a judgment of conviction for two counts of fleeing or attempting to elude a police officer. ORS 811.540. He contends that the trial court erred in denying his motion for arrest of judgment on the basis that the indictment was defective. We reverse.

In April 1998, defendant was driving a truck with a broken license plate light. Officer Anderson and Officer Jenkins attempted to pull defendant over by activating the overhead lights on their patrol car. Defendant did not pull his vehicle over, but rather continued driving within the speed limit. The officers turned on the patrol car's siren, but defendant continued driving and made several maneuvers that could have been interpreted as evasive. He eventually stopped his vehicle on the shoulder of the road and jumped out. Officer Anderson yelled, "Police, stop." Officer Jenkins also yelled at defendant, directing him to stop. Defendant did not stop but ran off towards an apartment building. At that point, the officers lost sight of him. A citizen, however, had heard the sirens and saw the officers pursuing defendant. The citizen followed defendant and tackled him, restraining him until the officers arrived and took defendant into custody. Both officers testified that they were in a marked patrol car and were in uniform at the time of the encounter.

Defendant was charged by grand jury indictment with, among other things,[1] two counts of fleeing or attempting to elude a police officer. ORS 811.540. More specifically, the indictment alleged the following:

"COUNT 2
"FLEEING OR ATTEMPTING
TO ELUDE A POLICE OFFICER
"ORS 811.540
"Class C Felony

"The said, [defendant], on or about the 25th day of April, 1998, in Clatstop County, State of Oregon, being an operator of a motor vehicle upon Lake Drive, Warrenton, Oregon

---

[1] The jury acquitted defendant of reckless driving. ORS 811.140. On the state's motion, the court dismissed the counts of possession of a controlled substance, ORS 475.992, and providing false information to a police officer, ORS 162.385.

a public highway, and having been given a signal to stop by a police officer, did unlawfully and knowingly, while still in the vehicle attempt to elude a pursuing police officer[.]

"COUNT 3

"FLEEING OR ATTEMPTING
TO ELUDE A POLICE OFFICER

"ORS 811.540

"Class A Misdemeanor

"The said, [defendant], on or about the 25th day of April, 1998, in Clatsop County, State of Oregon, being an operator of a motor vehicle upon Lake Drive, Warrenton, Oregon a public highway, and having been given a signal to stop by a police officer, did get out of the vehicle and unlawfully and knowingly flee the police officer[.]"

A jury found defendant guilty of both counts, and he was sentenced to 18 months' probation. After the final judgment was entered, defendant made a motion in arrest of judgment,[2] arguing that the indictment failed to allege the element that the officer was "in uniform and prominently displaying the police officer's badge" or that the officer was "operating a vehicle appropriately marked * * *." ORS 811.540(1)(b). Defendant contended that, because those were material elements of the offense, the failure to include them in the indictment rendered it fatally flawed. The trial court denied defendant's motion, concluding that the indictment

_____

[2] A motion for arrest of judgment is authorized by ORS 136.500, which provides:

"A motion in arrest of judgment is an application on the part of the defendant that no judgment be rendered on a plea or verdict of guilty. It may be founded on either or both of the grounds specified in ORS 135.630(1) and (4), and not otherwise. The motion must be made within the time allowed to file a motion for a new trial, and both such motions may be made and heard as the court directs."

ORS 135.630 provides, in pertinent part:

"The defendant may demur to the accusatory instrument when it appears upon the face thereof:

"* * * * *

"(4) That the facts stated do not constitute an offense[.]"

The state does not dispute that an assertion that an indictment fails to state an offense may be the basis for a motion in arrest of judgment and may be brought after the verdict.

was sufficient and that, even if it was not, the jury was properly instructed on the elements and therefore any deficiencies in the indictment were cured.

On appeal, defendant argues that the trial court erred in denying his motion. He contends that, under ORS 811.540, the state was required to allege in the indictment that defendant was eluding an officer who was either in uniform displaying a badge or operating a marked vehicle. Defendant argues that, because the indictment did not allege those elements, it did not state an offense. In response, the state contends that the elements left out of the indictment were not material and that, even if they were, the purposes of an indictment were nevertheless satisfied because defendant was apprised of the allegations against him and the jury was properly instructed.

ORS 811.540(1), which describes the crime of fleeing or attempting to elude a police officer, includes the following elements:

"(a)   The person is operating a motor vehicle; and

"(b)   A police officer who is in uniform and prominently displaying the police officer's badge of office or operating a vehicle appropriately marked showing it to be an official police vehicle gives a visual or audible signal to bring the vehicle to a stop, including any signal by hand, voice, emergency light or siren, and either:

"(A)   The person, while still in the vehicle, knowingly flees or attempts to elude a pursuing police officer; or

"(B)   The person gets out of the vehicle and knowingly flees or attempts to elude the police officer."

As noted above, both the state and defendant agree that the indictment did not allege either that the officer was in uniform displaying a badge or that the officer was operating a marked police vehicle. An indictment "fails to state facts constituting an offense when it fails to allege each of the *essential* elements of the offense." *State v. Wimber*, 315 Or 103, 109, 843 P2d 424 (1992) (emphasis added). The parties disagree about whether the requirement of ORS 811.540(1)(b) is an essential element of the crime. Whether an element is essential or material depends upon whether

the word can be struck from the indictment without "rendering the pleading vulnerable to demurrer on the ground that it no longer states a crime." *State v. Russell*, 231 Or 317, 319, 372 P2d 770 (1962); *see also State v. Long*, 320 Or 361, 885 P2d 696 (1994). We have held, for example, that elements such as time in a charge of rape, or a specific date in a sodomy case, generally are not material elements because, if the time or date is struck from the indictment, it would not render it subject to demurrer on the basis that it does not state a crime without that information. *Wimber*, 315 Or at 109-10; *Long*, 320 Or at 368-69.

■ In this case, however, the element that the officer be in uniform or in an appropriate vehicle is not analogous to information such as a date or time in a sexual assault case. In order to constitute the crime of eluding a police officer, the statute requires that the police officer indicate, by being in uniform and displaying a badge or operating a marked police vehicle, that he or she is, in fact, a police officer. This, of course, ensures that the person being pursued will know that he or she is in fact fleeing a police officer. *See State v. Beaman*, 42 Or App 57, 60, 599 P2d 476 (1979) (addressing a previous version of ORS 811.540). Without those elements, an indictment does not state the crime of fleeing or attempting to elude a police officer, as defined by the statute. Consequently, we conclude that the element that the officer be in uniform or in an appropriate vehicle is an essential one.

■ The fact that the element is material or essential and is not expressly set forth in the indictment does not automatically render the indictment fatally flawed, however, because an indictment need not be pleaded in the identical language of the relevant statute. Instead, under ORS 132.540(3), "[w]ords used in a statute to define a crime need not be strictly pursued in the indictment, but other words conveying the same meaning may be used." When an indictment is not pleaded in the exact language of the statute, it may still withstand a challenge that the facts stated fail to state a crime so long as it contains

"[a] statement of the acts constituting the offense in ordinary and concise language, without repetition, and in such

manner as to enable a person of common understanding to know what is intended[.]"

ORS 132.550(7); *see also Wimber*, 315 Or at 109. We recently explained that those standards are consistent with the four objectives that an indictment serves: (1) to provide notice so as to enable the defendant to prepare a defense; (2) to identify the crime so as to provide protection against additional prosecution for the same crime; (3) to inform the court as to what charges are being brought against the defendant; and (4) to ensure that the defendant is tried only for an offense that is based on facts found by the grand jury. *See State v. Crampton*, 176 Or App 62, 67, 31 P3d 430 (2001) (citing *Wimber*, 315 Or at 118-19).

■　　　　However, we conclude that, in this case, the indictment does not include any language that can be construed to describe the element missing here, namely, that the officers were in uniform and prominently displaying their badges or that they were operating an appropriately marked police vehicle. As noted above, the indictment simply alleged that defendant was "given a signal to stop by a police officer." No facts are alleged as to how defendant would know that the person attempting to stop him was, in fact, a police officer. *See Beaman*, 42 Or App at 60. In addition, although the statute number is set forth in the heading of the indictment, the statute sets forth two different ways that a police officer may make known to the person operating the motor vehicle that he or she is a police officer; the officer may do so either by being in uniform and displaying a badge or by driving a marked police vehicle. ORS 811.540(1)(b). Because the indictment here failed to allege which, if either, was applicable in this case, defendant was not put on notice as to which theory the state was proceeding under.

The circumstances here are distinguishable from those in *Crampton*, 176 Or App 62, where the indictment alleged that the defendant had "unlawfully" possessed a firearm. We held in *Crampton* that that allegation was sufficient to state the element of the crime that the defendant lacked a permit or license to carry the firearm, in part because the common understanding of the term "unlawfully" conveyed

the same meaning as "failure to have a license to carry" a fire-arm. *Id.* at 68-69. In this case, however, there are no words in the indictment from which it can be understood that the offi-cer whom the defendant allegedly was eluding was in uni-form displaying a badge or was driving a marked police car. Although the indictment does allege that defendant "unlaw-fully" eluded a pursuing police officer, it cannot be said that a statement that a person is "unlawfully" eluding a police offi-cer conveys the same meaning as a statement that an officer is in uniform displaying a badge or is driving a marked police car. Nor can it be said that simply alleging that it was a "police officer" conveys the same meaning as a police officer in uniform or in a marked car, because police officers are not always in uniform or driving marked police cars.

■        Further, the failure to include an allegation in the indictment regarding this material element was not cured, as the state argues, by the fact that defendant was nevertheless apprised of all the essential allegations against him by the proof at trial or by the fact that the jury was properly instructed on the elements. It is true that most of the func-tions of an indictment have been fulfilled here by what occurred at trial; defendant and the court appeared to be aware of the crime with which defendant was charged so as to allow defendant to prepare a defense and to provide protec-tion against further prosecution based on the same crime. However, the indictment does not satisfy the requirement that a defendant be tried "only for an offense that is based on facts found by the grand jury indicting against him." *State v. Paetehr*, 169 Or App 157, 165, 7 P3d 708 (2000). The origin of the grand jury requirement is found in Article VII (Amended), section 5, of the Oregon Constitution, which requires that "a person shall be charged * * * with the com-mission of any crime punishable as a felony only on indict-ment by a grand jury." In this case, without the inclusion in the indictment of the elements of the offense set forth in ORS 811.540(1)(b), we cannot say with certainty that the grand jury based the indictment on facts that satisfy this element of the crime. The only way for the state to cure that defect was to send it back to the grand jury. *Wimber*, 315 Or at 113. The defect cannot be cured by the belief that defendant knew

what he was charged with, nor can it be cured by jury instructions that properly articulate the elements of the alleged crime.

■ The state raises a second argument on appeal with regard to the misdemeanor charge against defendant. It contends that, because the charge was a misdemeanor, defendant had no right to have a grand jury consider that charge. The state argues that it then follows that, "[i]f defendant had raised this issue in any way before trial, the prosecutor could have simply added the allegation of the marked vehicle by interlineation. [The prosecutor] would have had no obligation to resubmit the charge to a grand jury." In sum, the state contends that it makes "little sense" to allow defendant to prevail on a "technical argument" when the misdemeanor charge could have been corrected.

It is true that the state did not have to present its misdemeanor charge to the grand jury initially. However, it chose to do so, and we are not aware of any authority, nor does the state point us to any, that allows the amendment of an indictment in any manner short of re-presenting it to the grand jury or, alternatively, in the case of a misdemeanor, presenting the case by way of an information.

In summary, because the indictment omitted a material element and because there are no other terms that can be read to substitute for the element, the indictment was fatally defective and the trial court erred in denying defendant's motion for an arrest of judgment.

Reversed.