Argued and submitted April 17, 2008, affirmed January 14, 2009

**STATE OF OREGON,**
*Plaintiff-Respondent,*

*v.*

**JOHN EDWARD EBERHARDT,**
*Defendant-Appellant.*

Multnomah County Circuit Court
050834841; A131341

201 P3d 915

Rankin Johnson IV argued the cause for appellant. With him on the brief was Law Office of Rankin Johnson IV, LLC.

Doug M. Petrina, Assistant Attorney General, argued the cause for respondent. With him on the brief were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

Before Edmonds, Presiding Judge, and Wollheim, Judge, and Sercombe, Judge.

SERCOMBE, J.

## SERCOMBE, J.

■ Defendant appeals a judgment of conviction on four counts of felon in possession of a firearm. ORS 166.270. He assigns error to the trial court's disallowance of his demurrer, in which he claimed that the indictment did not state the facts constituting the offense. We review a trial court's ruling on a demurrer for errors of law. *State v. Huckins,* 176 Or App 276, 31 P3d 485 (2001). We affirm.

Defendant was indicted after police discovered firearms at his home. City of Portland police officers responded to a call about an argument between defendant and his roommate, Christensen. An officer asked Christensen if there were any guns in the house, and he responded that there were four in his room. On further questioning, defendant confirmed that he was a convicted felon and that the guns in the residence were his.

Defendant was indicted on four counts of felon in possession of a firearm. Each count of the indictment provided:

"The said Defendant(s), John Edward Eberhardt, on or about March 26, 2005, in the county of Multnomah, State of Oregon, having previously been convicted in the Circuit Court of the State of Oregon for the County of Multnomah on March 27, 2003, of the felony of Delivery of a Controlled Substance Schedule II, did unlawfully and knowingly own, have in said defendant's possession, have under said defendant's custody and have under said defendant's control a firearm, contrary to the statutes in such cases made and provided and against the peace and dignity of the State of Oregon."

The indictment caption identified the charge as "Indictment for Violation of ORS 166.270 (1,2,3,4)." ORS 166.270(1) defines the crime as follows:

"Any person who has been convicted of a felony under the law of this state * * * who owns or has in the person's possession or under the person's custody or control any firearm commits the crime of felon in possession of a firearm."

Defendant filed a demurrer to the indictment, arguing that it failed to state an offense because it did not prescribe a mental state to one element of the crime—that he knew he was a felon—and that a "knowing" mental state is required for that element of the offense. The trial court disallowed the demurrer but agreed with defendant that the state had to prove that defendant knew he was a convicted felon. The trial proceeded based on that ruling, and the jury was instructed accordingly before it returned a verdict of guilty on all four counts.

■     On appeal, defendant reasserts his contention that the state was required to prove that he knew he had been convicted of a felony and that the indictment failed to adequately allege that element. Defendant makes that argument notwithstanding the holding in *State v. Van Norsdall*, 127 Or App 300, 873 P2d 345, *rev den*, 320 Or 131 (1994). In *Van Norsdall*, the court held that the mental state of "knowingly" does not apply to the felon status element of the crime of felon in possession of a firearm. *Id*. Defendant claims that the analysis used in *Van Norsdall* was repudiated in *State v. Rutley*, 202 Or App 639, 123 P3d 334 (2005), *rev'd in part*, 343 Or 368, 171 P3d 361 (2007). Defendant contends that, under *Rutley*, the state was required to prove that he knew he had been convicted of a felony and that that element of the crime must be pleaded in the indictment for it to be sufficient.

The state argues that the indictment is legally sufficient for two alternative reasons. First, the state contends that *Van Norsdall* is controlling and was correctly decided or, at a minimum, was not "plainly wrong" such that it should be overruled. *See State v. Kittel*, 203 Or App 736, 740, 127 P3d 1204 (2006) (holding that statutory interpretations should not be overruled unless "plainly wrong"). Second, the state argues that, even if defendant is correct about the knowledge requirement, the indictment was sufficient because it generally alleged that defendant acted "knowingly and unlawfully," and because the indictment quoted the statutory wording defining the offense. In addition, the state contends that any error was harmless because the trial court agreed that the state had to prove that defendant knew he was a felon and that the jury instructions reflect that requirement. We

agree that the error, if any, was harmless and therefore affirm.[1]

ORS 132.550(7) provides that an indictment must contain

"[a] statement of the acts constituting the offense in ordinary and concise language, without repetition, and in such manner as to enable a person of common understanding to know what is intended."

Those requirements are based on the purposes of an indictment. We identified those purposes in *State v. Burnett*, 185 Or App 409, 415, 60 P3d 547 (2002):

"(1) to provide notice so as to enable the defendant to prepare a defense; (2) to identify the crime so as to provide protection against additional prosecution for the same crime; (3) to inform the court as to what charges are being brought against the defendant; and (4) to ensure that the defendant is tried only for an offense that is based on facts found by the grand jury."

An indictment that serves those functions satisfies the requirements of ORS 132.550(7). By the same token, any error in an indictment that does not prejudice satisfaction of those same functions is harmless error.

---

[1] The analysis of whether a culpable mental state attaches to a particular element of a crime commences with an inquiry as to whether the statute in question defines an offense within or outside the Oregon Criminal Code. For statutes within the criminal code, the determination of the elements to which a culpable mental state attaches is governed by ORS 161.095(2) and ORS 161.115(1). For statutes defining offenses outside the criminal code, ORS 161.105(1) (b) divides such statutes into two subcategories: those statutes that by their language indicate a legislative intent to dispense with any culpable mental state for the offense or for any material element of the offense and those statutes that contain no such indication. If a statute outside the criminal code does not demonstrate a legislative intent to dispense with a culpable mental state regarding a particular element, then the inquiry is governed by ORS 161.095(2) and ORS 161.115(1) in the same manner as if the statute were within the criminal code. *State v. Rutley*, 343 Or 368, 171 P3d 361 (2007); *see also State v. Jones*, 223 Or App 611, 617-18, 196 P3d 97 (2008) (explaining the above analysis). Our opinion in *State v. Van Norsdall*, 127 Or App 300, 873 P2d 345, *rev den*, 320 Or 131 (1994), utilized a different legal construct to reach the conclusion that the state was not required to prove under ORS 166.270(1) that the defendant knew that he or she was a felon at the time that they possessed a firearm than the construct used by the Supreme Court in *Rutley*. Because the trial court instructed the jury that the state had to prove that defendant knew that he was a felon, this case provides no occasion for us to determine if our conclusion in *Van Norsdall* remains correct.

Article VII (Amended), section 3, of the Oregon Constitution requires this court to affirm a defendant's conviction, even though a trial court commits error, if there is little likelihood that the error affected the verdict. *State v. Davis*, 336 Or 19, 28, 32, 77 P3d 1111 (2003); *see also* ORS 19.415(2) ("No judgment shall be reversed or modified except for error substantially affecting the rights of a party."). Even if, for the sake of argument, the indictment in this case were defective in failing to clearly describe the mental state for the felon status element of the crime, that error would not have affected the verdict or otherwise substantially affected defendant's rights.

Defendant had notice of all elements of the crime charged and suffered no prejudice from the error, if any, in the charging instrument. In response to his demurrer, the trial court ruled that the state had to prove that defendant knew that he was a felon. Defendant and the state had notice of that requirement and prepared their cases accordingly. In keeping with that ruling, the court instructed the jury that the state had to prove defendant's knowledge of his prior felony conviction beyond a reasonable doubt. The jury instructions provided:

> "In this case, to establish the crime of Possession of a Firearm by a Felon, the State must prove beyond a reasonable doubt the following elements: One, the act occurred in Multnomah County, Oregon; two, the act occurred on or about March 26, 2005; three, [defendant] *was knowingly convicted previously of a felony* under the laws of Oregon; and, four, [defendant] knowingly had in his possession any firearm."

(Emphasis added.) The jury was also instructed as to the meaning of "knowingly." To have found defendant guilty, the jury must have found that defendant knew he had been convicted of a felony. The jury instructions and the state's closing argument both clearly stated that such knowledge was a required element of the crime.

The indictment identified the crime charged by statutory citation. That identification protected defendant against additional prosecution for the same crime. Because the indictment charged the crime using the wording of ORS

166.270 and pleaded that defendant acted "unlawfully and knowingly," we are satisfied that defendant was tried for an offense that was based on facts found by the grand jury. *Compare Burnett*, 185 Or App at 416-17 (indictment error not cured by proper jury instruction because court could not say "with certainty that the grand jury based the indictment on facts that satisfy" the elements of the crime), *with State v. McCauley*, 8 Or App 571, 574, 494 P2d 438 (1972) (deficiencies in indictment harmless when indictment alleges elements of lesser included offense and jury properly instructed on lesser included offense). For those reasons, any deficiency in the indictment in not clearly identifying the mental state for the felon in possession element was harmless.

Affirmed.