Argued and submitted August 31, in case number A117449, affirmed; in case number A117450, sentences vacated; remanded for resentencing; otherwise affirmed October 12, 2005

## STATE OF OREGON,
*Respondent,*

*v.*

## MARTIN M. ALBONDANTE,
*Appellant.*

964650, 990209; A117449 (Control), A117450
(Cases Consolidated)

121 P3d 1

Rankin Johnson IV, Deputy Public Defender, argued the cause for appellant. With him on the briefs was Peter A. Ozanne, Executive Director, Office of Public Defense

Services. On the supplemental brief was Peter Gartlan, Chief Deputy.

Joanna L. Jenkins, Assistant Attorney General, argued the cause for respondent. With her on the brief were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

Before Haselton, Presiding Judge, and Armstrong and Rosenblum,* Judges.

HASELTON, P. J.

---

### HASELTON, P. J.

Defendant appeals from judgments in two consolidated criminal cases. In case number A117450, defendant was convicted of two counts of felon in possession of a firearm, ORS 166.270, and in case number A117449, defendant was convicted of four counts of unlawful use of a weapon, ORS 166.220, two counts of possession of a controlled substance, ORS 475.992, one count of reckless driving, ORS 811.140, and one count of attempting to elude a police officer, ORS 811.540. On appeal, defendant challenges his convictions and sentences on numerous grounds. We reject all but two of his arguments without discussion. For the reasons set forth below, we remand for resentencing in case number A117450 and otherwise affirm.

■ In case number A117449, defendant challenges his conviction for attempting to elude a police officer, arguing that the trial court erred in failing to acquit him of that charge *sua sponte* because the state failed to allege in the indictment that defendant attempted to elude a police officer who was "prominently displaying the police officer's badge of office or operating a vehicle appropriately marked showing it to be an official police vehicle[.]" ORS 811.540(1)(b). Defendant acknowledges that the alleged error was unpreserved but, invoking *State v. Burnett*, 185 Or App 409, 413-17, 60 P3d 547 (2002), he argues that the error is "apparent on the face of the record." ORAP 5.45(1).

We agree that, under *Burnett*, the error is apparent on the face of the record. That is, "the element that the officer be in uniform or in an appropriate vehicle is an essential one," and "the indictment does not include any language that can be construed to describe the element missing here[.]" 185 Or App at 414, 415.

Nevertheless, we decline to exercise our discretion to correct that error. *Ailes v. Portland Meadows, Inc.*, 312 Or 376, 382-83, 823 P2d 956 (1991). Because review of plain error is "contrary to the strong policies requiring preservation and raising of error," we are to affirmatively exercise our discretion to correct such error "with utmost caution." *Id.* at 382. Here, correction of the error would subvert the principal

purposes of the preservation doctrine, *viz.*, to permit both parties to address the issue and to permit the trial court to correct any error in the first instance. *Id.* at 382 n 6.

In this case, if defendant had timely objected, the problem with the indictment could easily have been rectified. Conversely, if we were to correct the error now, defendant would be entitled to an outright reversal of his attempting to elude conviction. We decline to confer such a windfall on defendant, which would, in effect, reward the failure to make a timely objection. *See State v. Caldwell*, 187 Or App 720, 726-27, 69 P3d 830 (2003), *rev den*, 336 Or 376 (2004) (declining to exercise *Ailes* discretion to correct alleged "error apparent" based on deficiency in indictment where correction, and resulting reversal, would "reward defendant for not making a timely challenge at trial").

In that regard, we emphasize that this is not a case in which the state did not, or could not, actually *prove* the element that was not alleged in the indictment. Rather, the state presented evidence at trial that the officer whom defendant had attempted to elude had been in uniform, had been displaying a badge, and was in a marked patrol car. In fact, defendant unabashedly admitted at trial that he knew he was eluding a police officer. Consequently, we affirm the judgment in case number A117449.

Defendant next challenges the imposition of an upward departure sentence on one of his felon in possession convictions in case number A117450. The trial court imposed that departure based on a judicial finding that defendant had been persistently involved in similar offenses. He argues that, under *Blakely v. Washington*, 542 US 296, 124 S Ct 2531, 159 L Ed 2d 403 (2004), and *Apprendi v. New Jersey*, 530 US 466, 120 S Ct 2348, 147 L Ed 2d 435 (2000), the court erred in imposing a departure sentence based on a finding that defendant had been persistently involved in similar offenses, because defendant did not admit to that fact and the court did not submit it to a jury, in violation of his rights under the Sixth Amendment to the United States Constitution.

Although defendant did not advance such a challenge to the trial court, he argues that the sentence should be

reviewed as plain error. Under our decision in *State v. Perez*, 196 Or App 364, 102 P3d 705 (2004), *rev allowed*, 338 Or 488 (2005), the sentence is plainly erroneous. For the reason set forth in *Perez*, we exercise our discretion to correct the error.

In case number A117449, affirmed. In case number A117450, sentences vacated; remanded for resentencing; otherwise affirmed.