Submitted on remand from the Oregon Supreme Court October 28, 2008, remanded for resentencing; otherwise affirmed February 11, 2009

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

MARTIN M. ALBONDANTE,
*Defendant-Appellant.*

Lincoln County Circuit Court
964650, 990209
A117449 (Control), A117450

202 P3d 914

Rankin Johnson IV for appellant.

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Tiffany Keast, Assistant Attorney General, for respondent.

Before Landau, Presiding Judge, and Brewer, Chief Judge, and Haselton, Judge.

BREWER, C. J.

**BREWER, C. J.**

This case is before us on remand from the Supreme Court, which vacated our prior decision, *State v. Albondante*, 202 Or App 58, 121 P3d 1 (2005) (*Albondante I*), in light of *State v. Ramirez*, 343 Or 505, 173 P3d 817 (2007), *adh'd to as modified on recons*, 344 Or 195, 179 P3d 673 (2008), and *State v. Fults*, 343 Or 515, 173 P3d 822 (2007). *State v. Albondante*, 345 Or 315, 195 P3d 62 (2008). In *Albondante I*, we vacated defendant's sentences and remanded for resentencing because the trial court had imposed departure sentences based on judicial findings that defendant was persistently involved in similar offenses. That factfinding constituted plain error, and we exercised our discretion to correct it. The issue before us on remand is whether, in light of *Ramirez* and *Fults*, we properly exercised our discretion under *Ailes v. Portland Meadows, Inc.*, 312 Or 376, 381-82, 823 P2d 956 (1991). We conclude that our exercise of discretion in *Albondante I* was correct. Accordingly, we again reverse and remand for resentencing.

Defendant was convicted of felon in possession of a firearm, among other offenses. The trial court imposed a durational departure sentence of 36 months' imprisonment and gave the following reason for its departure:

> "And I'm looking over his criminal history, that which is unchallenged. The defendant has * * *
>
> "Felon in Possession of a Firearm, a second Felon in Possession of a Firearm * * * [a]nd now we have a third one.
>
> "* * * * *
>
> "* * * [F]or Felon in Possession of a Firearm * * * [b]ecause of persistent involvement in similar offenses it's my judgment that the court should depart upward and impose thirty-six months on the Felon in Possession of a Firearm[.]"

In *State v. Ramirez*, 205 Or App 113, 123, 133 P3d 343, *adh'd to on recons*, 207 Or App 1, 139 P3d 981 (2006), *rev'd on other grounds*, 343 Or 505, 173 P3d 817 (2007), *adh'd to as modified on recons*, 344 Or 195, 179 P3d 673 (2008), we concluded that the imposition of a departure sentence under

circumstances similar to the imposition of the departure sentence in this case, that is, where the defendant stood silent during sentencing but had not explicitly waived his or her rights to a jury trial on at least one of the charged offenses, constituted plain error. Although the Supreme Court reversed our decision in *Ramirez* on the ground that we did not properly exercise our discretion in determining whether to correct the error, the court did not disturb our conclusion that the error was plain. The state urges us to reconsider that conclusion. However, we decline to do so.

The question remains whether we should exercise our discretion to correct the error in this case. The state argues that we should decline to exercise our discretion because there is "no legitimate debate" that a jury would have found the departure factor relied on by the trial court. *Cf. Ramirez*, 343 Or at 513 (if there is no legitimate debate about the existence of a sentence enhancement fact, the defendant's interest in a second sentencing hearing is minimal). We disagree.

In *State v. Bray*, 342 Or 711, 724, 160 P3d 983 (2007), the Supreme Court held that " '[p]ersistent involvement in similar offenses' presents a factual issue that * * * a defendant may insist that a jury find beyond a reasonable doubt." The court explained:

> "In determining whether the record establishes '[p]ersistent involvement in similar offenses,' a sentencing court must do more than find that a defendant has two or more prior convictions for similar offenses. The trier of fact must infer from the number and frequency of those prior convictions whether the defendant's involvement in those offenses is 'persistent'; that is, the trier of fact must determine whether the defendant's involvement in similar offenses is sufficiently continuous or recurring to say that it is 'persistent.' "

*Id.* (brackets in original). There is "no legitimate debate" that a jury would have found the departure factor where evidence in support of that factor was "overwhelming." *Ramirez*, 343 Or at 514-15. Thus, to establish that there is no legitimate debate that a defendant was persistently involved in similar offenses, the evidence adduced at trial and sentencing must

not only establish that the defendant had two or more prior convictions, it must also support—indeed, to be "overwhelming," it must *require*—the inference that the defendant's involvement was sufficiently continuous or recurring to say that it was "persistent."

On this record, there is a legitimate debate as to whether the jury would have found defendant to have been persistently involved in similar offenses. The trial court imposed the durational departure sentence on defendant's felon in possession of a firearm charge. Defendant had two prior convictions for felon in possession of a firearm, one in 1975 and another in 1985. Defendant was sentenced in this case in 2002. Although defendant's criminal history was extensive—beginning in 1956 and continuing through the time of the current offense in 1996—the test set out in *Bray* requires that the inference of persistence be drawn from the existence of two or more prior convictions for similar offenses. Here, the gap of 10 years between defendant's first and second felon in possession of a firearm convictions reasonably could have allowed a jury to determine that defendant lacked the frequency of similar convictions required for a finding of persistence. Accordingly, the trial court erred in imposing a departure sentence on defendant's felon in possession conviction.

We exercise our discretion to correct that error for two reasons: First, as explained above, there is a legitimate debate whether the jury would have found the departure fact relied on by the trial court. Second, the gravity of the error in this case is not trivial. *Ailes*, 312 Or at 382 n 6. Imposition of the departure sentence in this case increased defendant's term of incarceration by 18 months.

Remanded for resentencing; otherwise affirmed.