Submitted September 28, 2016, affirmed March 15, petition for review denied June 29, 2017 (361 Or 645)

## STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

## GERARDO GARCIA,
*Defendant-Appellant.*

Washington County Circuit Court
C150547CR; A160395

392 P3d 815

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Laura A. Frikert, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Peenesh Shah, Assistant Attorney General, filed the brief for respondent.

Before Duncan, Presiding Judge, and DeVore, Judge, and Garrett, Judge.

**DEVORE, J.**

Defendant appeals a judgment of conviction on a number of offenses. In the first assignment of error, he seeks reversal of the guilty verdict on first-degree burglary of a dwelling, ORS 164.225.[1] Defendant challenges the trial court's amendment of the indictment done as trial was about to commence. The amendment revised Count 3 from burglary "with the intent to commit the crime of *assault* therein" to burglary "with the intent to commit the crime of *coercion* therein." (Emphases added.) Defendant argues that the change was impermissible because it was a substantive amendment, accomplished without approval of a grand jury. Defendant argues that the amendment was substantive because the specific crime that a defendant is alleged to have intended to commit in the dwelling is a material element of a burglary charge. We conclude that, even if the trial court had erred in allowing the amendment, the error is harmless. We have considered and reject defendant's second assignment of error without written discussion. Therefore, we affirm.

A grand jury indicted defendant with eight offenses based on his entry and actions in the home of a husband and wife. As originally filed, the indictment alleged, in relevant part:

"COUNT 1 [First Degree Burglary]

"The defendant * * * did unlawfully and knowingly enter or remain in a dwelling * * * with the intent to commit the crime of harassment therein.

"The state further alleges that the above-described offense was committed in an occupied dwelling.

"The state further alleges that, during the commission of the above-described offense, the defendant caused or threatened physical injury to another person.

"COUNT 2 [Harrassment]

---

[1] Defendant was also convicted of harassment, ORS 166.065; coercion, ORS 163.275; fourth-degree assault, ORS 163.160; interfering with a peace officer, ORS 162.247; resisting arrest, ORS 162.315; and aggravated harassment, ORS 166.070.

"The defendant * * * did unlawfully and intentionally harass or annoy [husband] * * * by subjecting [husband] to offensive physical contact.

"COUNT 3 [First Degree Burglary]

"The defendant * * * did unlawfully and knowingly enter or remain in a dwelling * * * with the intent to commit the crime of assault therein.

"The state further alleges that the above-described offense was committed in an occupied dwelling.

"The state further alleges that, during the commission of the above-described offense, the defendant caused or threatened physical injury to another person.

"COUNT 4 [Coercion]

"The defendant * * * did unlawfully and knowingly compel and/or induce [wife] to abstain from engaging in conduct in which [wife] had a legal right to engage, to wit: calling the police, by means of instilling in [wife] a fear that if [wife] engaged in the conduct contrary to said compulsion and/or inducement, defendant would unlawfully cause physical injury to [wife] and/or [husband]."

Just before trial, the prosecutor told the court that defendant was charged with two counts of burglary in the first-degree. One charge (Count 1) alleged burglary with the intent to commit harassment, and the other charge (Count 3) appeared to allege burglary with the intent to commit assault. The prosecutor explained, however, that,

"[s]hortly before the grand jury went in with the victims, I ended up changing the second count theory [Count 3], which was with intent to commit [the] crime of coercion. And that was the way it was presented to [the] grand jury, which is also why it ended count three, count four became coercion as opposed to assault."

The prosecutor said that, due to a clerical error when she was

"typing up the indictment, * * * it auto-filled from the DA's or complainant's information into the indictment with an assault instead of a coercion. So right now the way it stands while the grand jury indicted them on the—a burglary with intent to commit a crime of coercion, it stands right now as a kind of assault."

Defendant objected to the amendment. The trial court responded:

> "So based on the state's representation that the jury—the grand jury did not decide count three as burglary in the first degree of an occupied dwelling causing physical injury with the crime of assault, but they indicted with the crime of coercion, the court does have the authority to amend the indictment to correctly state what the grand jury indicted the defendant for.
>
> "So I will strike assault therein on count three, and write in coercion. And that kind of makes sense too with the way the indictment reads in terms of, you know, count one is burglary with harassment. And count two is harassment. So count three will be burglary in the first degree with coercion. And count four is coercion."

Defense counsel then said, "I'd like to voice my objection again to the amendment of the indictment. I know that in a burglary charge the crime that the person is alleged to have committed upon the unlawful entry is an essential element." Defense counsel argued "that the court doesn't have the authority to amend the indictment."

The trial court reiterated its position that the amendment was to correct a clerical or scrivener's error. The court then explored whether the amendment would have an effect on defendant's trial preparation, asking whether defendant was prepared to go forward in light of the amendment:

> "And it's kind of strange but because it's been changed on you, I think lawfully, but you've had what, one day or less than a day's notice of this.
>
> "Does that change your preparation for trial? And are you *** okay going forward at this point? Or do you somehow, because that changes your strategy, do you need a reset of some sort? That's the real issue at this point."

Defense counsel replied, "I'm not asking for a reset, Your Honor." The trial court responded, "You're not?" Defense counsel stated, "No."

In the trial court file, the revised indictment shows the court's handwritten amendment by interlineation to Count 3, striking the word "assault" and adding the word "coercion."

At the conclusion of defendant's bench trial, the court found defendant guilty of all counts in the amended indictment. The court determined that the burglary counts, Count 1 and Count 3, would merge and it entered a judgment of conviction and sentence accordingly.

On appeal, defendant contends that the trial court lacked authority to amend the indictment, because the amendment altered a material element of the burglary charge. *See* Or Const, Art VII (Amended), § 5 (prohibiting a trial court from permitting a substantive amendment to an indictment).[2] Defendant stresses that to make a substantive amendment requires resubmitting the charge to the grand jury. *See State v. Long*, 320 Or 361, 370 n 14, 885 P2d 696 (1994) ("If the error is of substance, the state may seek permission to resubmit the matter to the grand jury. If the error is of form only, the court may amend the indictment by interlineation."). Although defendant asserts that the amendment was a matter of substance, not form, defendant does little to discuss the distinctions between the two. *See State v. Wimber*, 315 Or 103, 113-15, 843 P2d 424 (1992) (explaining considerations).[3]

The state argues that the amendment of the burglary count was authorized because the intended crime that was the goal of the burglary—that is, the crime that defendant is alleged to have intended within the dwelling—is not a material element of the burglary count itself. In the alternative, the state argues that, even if the trial court erred, any error was harmless because, in fact, the grand jury had already considered the burglary charge with an intended crime of coercion and had indicted defendant on *that* version of burglary. In the state's view, resubmission of the amended charge to the grand jury, as would ordinarily

---

[2] Article VII (Amended), section 5, provides, in part:

"(6) An information shall be substantially in the form provided by law for an indictment. The district attorney may file an amended indictment or information whenever, by ruling of the court, an indictment or information is held to be defective in form."

[3] In *Wimber,* the court posed three or four questions by which to determine whether a change in an indictment is one of form or substance. *Wimber,* 315 Or at 114-15. We do not recount those questions here because we do not reach the merits of the amendment.

have been required for a substantive amendment, *would* not have affected the result of the proceedings in this case, inasmuch as the grand jury did consider burglary with coercion as the intended crime. The state implies that a second grand jury should reach the same result on the same evidence.

We need not reach the initial question whether a change in designating the crime that was intended to have been accomplished during the burglary was a change of a material element of the burglary count itself. That is so because we agree with the state that, in these unique circumstances, any error in amending the indictment was harmless. However, we explain that conclusion somewhat differently than does the state. That is, any error was harmless because amendment of the indictment did not affect the verdict or substantially affect the rights of defendant.

Our conclusion is premised on the function of an indictment. Under ORS 132.550(7), an indictment must contain, among other things,

"[a] statement of the acts constituting the offense in ordinary and concise language, without repetition, and in such manner as to enable a person of common understanding to know what is intended."

The purposes of such a statement are

"(1) to provide notice so as to enable the defendant to prepare a defense; (2) to identify the crime so as to provide protection against additional prosecution for the same crime; (3) to inform the court as to what charges are being brought against the defendant; and (4) to ensure that the defendant is tried only for an offense that is based on facts found by the grand jury."

*State v. Burnett,* 185 Or App 409, 415, 60 P3d 547 (2002). With those things in mind, we have recognized that an "indictment that serves those functions satisfies the requirements of ORS 132.550(7)." *State v. Eberhardt,* 225 Or App 275, 279, 201 P3d 915 (2009), *rev den,* 347 Or 608 (2010). And, "[b]y the same token, any error in an indictment that does not prejudice satisfaction of those same functions is harmless error." *Id.*

If error is harmless, this court is required to affirm a defendant's conviction even when a trial court commits error; and error is harmless if there is little likelihood that the error affected the verdict or substantially affected the defendant's rights. Or Const, Art VII (Amended), § 3; *State v. Davis,* 336 Or 19, 28, 32, 77 P3d 1111 (2003); *see also* ORS 19.415(2) ("No judgment shall be reversed or modified except for error substantially affecting the rights of a party."). We have determined that alleged error in an indictment was harmless where the purposes of an indictment were satisfied and the defendant suffered no prejudice from the arguable error. *Eberhardt,* 225 Or App at 279-81 (despite alleged defect in indictment about the defendant's knowledge of a prior conviction, the defendant had notice of charge, the opportunity for an unimpaired defense, and an agreed jury instruction addressed to the same issue—the need for the defendant to have knowledge of prior conviction). Similarly, we have determined that, where error in a jury instruction was essentially amending an indictment by adding grounds on which to convict for hindering prosecution, the error was nonetheless harmless because, under the circumstances, no evidence permitted the jury to have convicted the defendant on any other grounds than the one ground alleged in the indictment. *State v. Burk,* 282 Or App 638, 646-47, 386 P3d 148 (2016).

In this case, defendant was not prejudiced by the indictment's amendment, whether through a lack of notice, an inability to defend, a risk of double jeopardy, or being tried on a charge other than that which the grand jury had charged him. Defendant was already aware from the face of the indictment of the charges arising from the incident. Defendant has not argued below or on appeal that he was prejudiced by the lack of notice of the charge. And, he has not argued that he suffered any prejudice to his defense due to the amendment immediately before trial. *See State v. Guckert,* 260 Or App 50, 60, 316 P3d 373 (2013), *rev den,* 354 Or 840 (2014) (harmless error despite variance between indictment and trial court's instructions to jury, in part, because the "defendant was not prejudicially deprived of an available defense"). Although the trial court twice asked defendant if he needed more time, he did not request

it.[4] There is no danger that defendant was tried on a charge other than what the grand jury had intended because the trial court made findings that the burglary charge—with coercion as the intended crime—*had* been submitted to the grand jury and that the grand jury had intended to return an indictment that matched the amended charge. The trial court made those findings when it accepted the prosecutor's explanation of the grand jury proceedings.[5]

In a case where a prosecutor brought a scrivener's error to a trial court's attention mid-trial, the Supreme Court noted:

> "In future cases, the better practice would be for the state to advise the court before trial that, due to a perceived error in form in the indictment, the state believes that it should be amended. The court could then hear the parties' arguments on the issue and thereafter make a finding— which is what the constitutional provision actually contemplates—as to what had occurred, in order to alleviate any doubt."

*Long,* 320 Or at 370 n 14 (citing *State v. Woodson,* 315 Or 314, 316-17, 845 P2d 203 (1993)).

As suggested in *Long,* the prosecutor in this case did advise the court, before trial began, that there was a perceived error in the form of the indictment, requiring amendment. The prosecutor reported that she had presented to the grand jury Count 3 as burglary with the intent to commit coercion. She explained how the error had occurred on the form employed when she was preparing the indictment; the term "assault" was "auto-filled" rather than the intended term, "coercion." After allowing the parties to argue, the court made findings. The trial court found that the indictment, as originally filed, contained a scrivener's error, and

---

[4] Similarly, defendant has not suggested that this sequence of events has left any uncertainty about the charges intended or tried, such that he faces a risk of double jeopardy.

[5] As was the case in *State v. Delaney,* 160 Or App 559, 562 n 3, 984 P2d 282, *rev den,* 329 Or 358 (1999), "[o]n appeal, [the] defendant does not contend that the court erred in receiving evidence, including the prosecutor's representations as an officer of the court, describing the evidence submitted to the grand jury or the process by which the indictment was generated."

that the grand jury actually intended to indict defendant on the amended charge.

Concluding that any error was harmless under these circumstances, we affirm.

Affirmed.