No. 692 December 28, 2023 813

*This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).*

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

STEVEN DANIEL COX,
*Defendant-Appellant.*
Josephine County Circuit Court
20CR07205; A176552

Brandon S. Thueson, Judge.

Argued and submitted November 13, 2023.

Sara F. Werboff, Deputy Public Defender, argued the cause for appellant. Also on the brief was Ernest G. Lannet, Chief Defender, Criminal Appellate Section, Office of Public Defense Services.

Joanna Hershey, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Aoyagi, Presiding Judge, and Joyce, Judge, and Hadlock, Judge pro tempore.

JOYCE, J.

Reversed and remanded.

**JOYCE, J.**

Defendant appeals from a judgment of conviction for second-degree murder with a firearm and unlawful use of a weapon with a firearm. On appeal, defendant raises 19 assignments of error.

In assignments 7 through 19, defendant contends that the trial court plainly erred when it failed to *sua sponte* declare a mistrial based upon allegedly improper statements that the prosecutor made during closing and rebuttal arguments. As explained below, we agree with defendant that he was entitled to a mistrial based on the prosecutor's statements and reverse on that basis. That conclusion, in turn, obviates the need to address defendant's remaining assignments of error.[1]

*Prosecutor's statements during closing and rebuttal arguments*. Defendant fatally shot J. Defendant claimed that he shot J in self-defense. The state disputed defendant's version of events, relying on the testimony of eyewitnesses and physical evidence. During closing and rebuttal arguments, the prosecutor made over a dozen statements that defendant had lied about his version of events, including statements such as:

- "He knew that police were gonna come around and ask questions about it and he had to say something. And so it's what he cooked up to try and get away with shooting a man ***."

- "The reason those four men heard no threats to kill is because that is a lie ***. It is a lie the defendant made up to try and get away with killing [J]."

- "It's just, it's silly his lies that he's making up to try and justify shooting this man."

- "It's totally ridiculous and it does not make sense because the defendant's claim of self-defense is ridiculous and based on lies. He is lying."

---

[1] In assignments 1 through 4, defendant challenges the trial court's failure to give certain jury instructions. In assignment 5, defendant argues that the trial court erred when it excluded evidence that J's blood tested positive for methamphetamine. In assignment 6, defendant contends that the trial court plainly erred when it allowed the prosecutor and witnesses to refer to J as a "victim."

- "Then [Hutchinson] comes in here under subpoena to tell the truth and all of a sudden, [Hutchinson] is some bad guy, some enemy of this man trying to get him in trouble for things he did not do. False. Lies. The tricks of a guilty man."

Defendant did not object to any of the prosecutor's statements or move for a mistrial based on those statements. The jury found defendant guilty.

Despite failing to have objected to the statements, defendant now argues on appeal that the prosecutor's statements were improper and, indeed, that they were so prejudicial that a curative instruction would not have been sufficient to assure the court that the defendant received a fair trial. *State v. Chitwood*, 370 Or 305, 312, 518 P3d 903 (2022) (setting forth the framework for reviewing a plain error claim of prosecutorial misconduct). We recently applied the *Chitwood* framework in *State v. Montgomery*, 327 Or App 655, 536 P3d 627 (2023), where we considered whether repeated statements that the prosecutor made, during closing and rebuttal arguments, that the defendant had lied were so prejudicial as to deny the defendant a fair trial. We concluded that the statements were improper because they could have led the jury to infer that the prosecutor believed the complainant and not the defendant, and it would have been improper for the jury to evaluate the witnesses' credibility on that basis rather than on the evidence. *Id.* at 660. Noting the repetitious nature of the comments and that defendant's credibility was a central and critical issue in the case, we further concluded that the statements constituted plain error because they were so prejudicial that a curative instruction would not have been sufficient to assure the court that the defendant received a fair trial. *Id.* at 661-62. We exercised our discretion to correct the plain error and reversed the defendant's conviction. *Id.* at 662.

Here, the prosecutor's statements that defendant lied are not meaningfully distinguishable from the statements at issue in *Montgomery*. The prosecutor repeatedly made the statements during closing and rebuttal arguments and, again as in *Montgomery*, defendant's credibility was a central issue. From the prosecutor's statements,

the jury could have inferred that the prosecutor believed that defendant had lied and that the state's witnesses were truthful, and the jury could have improperly evaluated the credibility on that basis. Thus, similar to the statements in *Montgomery*, the statements were improper and constitute plain error.

We now must determine whether the error was harmless and, if not, whether we should exercise our discretion to correct it. *State v. Horton*, 327 Or App 256, 262, 535 P3d 338 (2023). Because the error impacted defendant's right to a fair trial, we conclude that the error was not harmless, and we exercise our discretion to correct the error. *State v. Garcia*, 284 Or App 357, 363, 392 P3d 815, *rev den*, 361 Or 645 (2017) (an error is not harmless if it is likely that the error "substantially affected the defendant's rights"); *Ailes v. Portland Meadows, Inc.*, 312 Or 376, 382 n 6, 823 P2d 956 (1991) (in deciding whether to exercise its discretion to consider plain error, the court may consider, among other factors, the gravity of the error and the ends of justice).

Reversed and remanded.