212 January 10, 2024 No. 27

***This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

PETER WILLIAM McGAUGHEY,
*Defendant-Appellant.*

Clatsop County Circuit Court
20CR59260; A176820

Cindee S. Matyas, Judge.

Submitted April 24, 2023.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Rond Chananudech, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Erica L. Herb, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, Powers, Judge, and Hellman, Judge.

HELLMAN, J.

Conviction on Count 2 reversed; remanded for resentencing; otherwise affirmed.

**HELLMAN, J.**

Defendant appeals from a judgment of conviction for second-degree assault, ORS 163.175, and tampering with physical evidence, ORS 162.295. Defendant's convictions arise from an incident in which he repeatedly struck the victim with a wooden object that both the victim and an eyewitness indicated was consistent with a large tree branch. Prior to the incident, defendant had turned off the building's security cameras. On appeal, defendant raises three assignments of error. For the reasons below, we accept the state's concession as to the first assignment of error and reverse defendant's conviction for tampering with physical evidence. We otherwise affirm.

*Denial of motion for judgment of acquittal.* In his first assignment of error, defendant argues that the trial court erred when it denied his motion for judgment of acquittal on the charge of tampering with physical evidence. The state concedes that the record contains insufficient evidence of the required element that defendant knew that an official proceeding was about to be instituted when he turned off the security cameras. *See* ORS 162.295(1)(a) (stating, in relevant part, that a person tampers with physical evidence if the person "conceals or removes physical evidence impairing its verity or availability" with intent that the evidence "be used, introduced, rejected or unavailable in an official proceeding *which is then pending or to the knowledge of such person is about to be instituted*" (emphasis added)). We find the state's concession well-taken. As we have done in the past, *State v. Matzke*, 288 Or App 842, 844, 407 P3d 976 (2017), *rev den*, 362 Or 665 (2018), we exercise our discretion to correct the plain error.

*Demonstrative evidence.* In his second assignment of error, defendant argues that the trial court erred when it allowed the introduction of demonstrative evidence in the form of a tree branch at the trial. We review a trial court's determination that demonstrative evidence is relevant for legal error and its decision to admit or exclude evidence under OEC 403 for an abuse of discretion. *State v. Naudain*, 300 Or App 222, 238-39, 452 P3d 970 (2019), *aff'd*, 368 Or 140, 487 P3d 32 (2021).

Here, both the victim and the eyewitness provided descriptions of the tree branch used in the assault that were consistent with the demonstrative exhibit. In fact, the eyewitness selected the branch and testified that it had only two minor differences from the object used in the incident. Because there were no material differences between the object used in the assault and the tree branch that was used as the demonstrative exhibit, the trial court did not commit legal error when it determined that the demonstrative evidence in this case was relevant. *See Rich v. Cooper*, 234 Or 300, 312, 380 P2d 613 (1963) (holding that demonstrative exhibits can be admissible when they are "not materially different" from the objects in question). We further conclude that the trial court did not abuse its discretion in conducting its OEC 403 balancing. The trial court gave in-depth consideration to the factors from *State v. Mayfield*, 302 Or 631, 645, 733 P2d 438 (1987), and put several restrictions in place, including not allowing the exhibit to remain displayed during trial and prohibiting it from going to the jury room with the other evidence.

*Jury instructions.* In his third assignment of error, defendant argues that the trial court plainly erred when it did not instruct the jury that it had to find that he acted with at least criminal negligence with respect to the physical injury element of second-degree assault. Defendant concedes that his claim is unpreserved and asks us to review for plain error.

We agree with defendant that under the current state of the law it is plain error for a trial court not to instruct on a culpable mental state for the result element of second-degree assault. *State v. Owen*, 369 Or 288, 322, 505 P3d 953 (2022); *State v. McKinney/Shiffer*, 369 Or 325, 333, 505 P3d 946 (2022). However, we have no discretion to correct the instructional error in this case because it is harmless on these facts. *See State v. Horton*, 327 Or App 256, 262, 535 P3d 338 (2023) ("We cannot reverse a judgment based on a harmless error, so if the error was truly 'harmless,' then we have no discretion and must affirm.").

An "error is harmless if there is little likelihood that the error affected the verdict or substantially affected

the defendant's rights." *State v. Garcia*, 284 Or App 357, 363, 392 P3d 815, *rev den*, 361 Or 645 (2017). To determine whether an instructional error is harmless in the context of the culpable mental state, the question "is not whether a jury *could* have found defendant to have the requisite mental state on this record; rather, it is whether there is some likelihood that the jury might *not* have been persuaded that he had the requisite mental state, had it considered that issue." *State v. Stone*, 324 Or App 688, 695, 527 P3d 800 (2023) (emphases in original). In assessing harmlessness, "we consider the instructions as a whole and in the context of the evidence and record at trial, including the parties' theories of the case with respect to the various charges and defenses at issue." *Owen*, 369 Or at 323-24 (internal quotation marks omitted).

Here, the jury convicted defendant of second-degree assault after hearing evidence that defendant hit the victim's head, legs, and feet with a large tree branch so hard that the victim, who had limited mobility, fell from his wheelchair. As a result, the victim suffered a head wound that bled profusely and required 12 stitches to close and pain in his lower body that lasted several months. A defendant acts with criminal negligence when the defendant "fails to be aware of a substantial and unjustifiable risk" such that "the failure to be aware of it constitutes a gross deviation from the standard of care that a reasonable person would observe in the situation." ORS 161.085(10). The jury found that defendant's conduct was intentional and rejected his defense theory that he was not the assailant. We thus conclude that there is little likelihood that the jury might not have been persuaded that defendant was at least criminally negligent with respect to the fact that the victim could suffer physical injury[1] as result of defendant's actions.

Conviction on Count 2 reversed; remanded for resentencing; otherwise affirmed.

---

[1] "Physical injury" is an "impairment of physical condition or substantial pain." ORS 161.015(7).