500 March 5, 2025 No. 195

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

BRANDON LLOYD JARVIS,
*Defendant-Appellant.*

Coos County Circuit Court
20CR27645; A181608

Andrew E. Combs, Judge.

Submitted January 21, 2025.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Meredith Allen, Deputy Public Defender, Oregon Public Defense Commission, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Rolf C. Moan, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, Hellman, Judge, and Mooney, Senior Judge.

HELLMAN, J.

Affirmed.

**HELLMAN, J.**

Defendant appeals a judgment that revoked his probation. In a single assignment of error, he argues that the trial court erred because the pre-sentence investigation report (PSI) did not satisfy ORS 144.791(3).[1] We affirm.

On appeal, defendant specifically argues that the PSI failed to comply with ORS 144.791(3) because it did not "analyze what disposition was most likely to reduce defendant's criminal conduct, explain why that disposition would likely reduce defendant's criminal conduct, or assess the availability of any relevant programs or treatment." The state responds that defendant did not preserve those arguments, that ORS 144.791(3) applies to the Department of Corrections—not to trial courts—and that any error is harmless. We need not decide whether defendant preserved those arguments or whether the trial court erred because we conclude that any error is harmless.

"If error is harmless, this court is required to affirm a defendant's conviction even when a trial court commits error; and error is harmless if there is little likelihood that the error affected the verdict or substantially affected the defendant's rights." *State v. Garcia*, 284 Or App 357, 363, 392 P3d 815, *rev den,* 361 Or 645 (2017); *see also State v. Davis*, 336 Or 19, 32, 77 P3d 1111 (2003) ("Oregon's constitutional test for affirmance despite error consists of a single inquiry: Is there little likelihood that the particular error affected the verdict?").

Here, any error is harmless because the "particular issue" that defendant identifies on appeal—the deficits of the PSI—"[have] no relationship to [the factfinder's

---

[1] ORS 144.791(3) provides:

"The Department of Corrections shall:

"(a) Require that a presentence report provide an analysis of what disposition is most likely to reduce the offender's criminal conduct, explain why that disposition would have that effect and provide an assessment of the availability to the offender of any relevant programs or treatment in or out of custody, whether provided by the department or another entity;

"(b) Determine what additional information must be included in the presentence report; and

"(c) Establish a uniform presentence report form."

determination." *Davis*, 336 Or at 32. As relevant here, defendant pleaded guilty to four felony sexual offenses in 2020. In 2023, the state alleged that defendant had violated several general and special conditions of his probation. Defendant admitted that he had repeatedly failed to report as a sex offender, that he had failed to complete sex offender treatment or submit to polygraph exams, that he had used methamphetamine, and that he had possessed a weapon. The trial court then continued the hearing and ordered a PSI.

At the continued hearing, the trial court received the PSI into evidence, heard argument from both parties, then addressed defendant.

"[THE COURT]:    [Defendant]. And so, here's what I'm struggling with. And so, probation's been going on by my calculationssince October of 2020. By my rudimentary math, that's about two and half years. And there's been these rather significant, I'll say deficits. This issue with not completing treatment and not registering. *** Why— why should I think that after two and a half years of noncompliance that this is going to be the time in which you're going to start complying and there will be no more violations? Why should I believe that?"

After a colloquy with defendant concerning his failure to complete treatment, the court observed:

"We did the downward departure with the idea that [defendant] would do what he's supposed to under supervised probation. He's actually received, from my perspective, more chances than the average person receives on a downward departure. Especially after the conviction of a crime."

As a consequence, the trial court found that the purposes of probation were not being met and revoked defendant's probation.

In light of the foregoing, we conclude that there is little likelihood that a PSI containing the information that defendant identifies on appeal would have affected the trial court's determination to revoke defendant's probation. *See Davis*, 336 Or at 32 ("The correct focus of the inquiry regarding affirmance despite error is on the possible influence of the error on the verdict rendered, not whether this court, sitting as a factfinder, would regard the evidence of

guilt as substantial and compelling."). Therefore, any error is harmless.

Affirmed.